Thomas D. Smith, Esquire (ISB No. 8206)
**SPINNER, WOOD & SMITH**
1335 East Center - P.O. Box 6009
Pocatello, Idaho   83205-6009
Telephone:   (208) 232-4471
FAX: (208) 232-1808
Email: tsmith8206@cableone.net

Attorneys for R. Sam Hopkins, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. 17-40021-JMM |
| | ) | |
| STEPHEN ANDREW RUIZ, and MITZI D. RUIZ, aka MITZI D. MOORE, | ) ) | Chapter 7 |
| | ) | |
| Debtors. | ) ) | |

## MOTION TO APPROVE SETTLEMENT

COMES NOW, the Plaintiff, R. Sam Hopkins, Trustee ("Trustee"), by and through his attorneys, and hereby moves the Court to approve a settlement between Amy Coll ("Coll"), the Bank of Idaho, and Mortgage Electronic Registration Systems, Inc. ("MERS") as set forth below and in the Settlement Stipulation filed in Case No. 20-08002-JMM (Document No. 10). The nature of the controversy and proposed settlement are as follows:

1.    On January 12, 2017, the Debtors, Stephen A. Ruiz ("Ruiz") and Mitzi D. Ruiz, also known as Mitzi D. Moore ("Moore"), filed their petition to initiate a Chapter 7 bankruptcy proceeding. The bankruptcy petition was not recorded in the real property records.

2.    At the time the bankruptcy petition was filed, the Debtors claimed to jointly own that certain real property located at 4143 Rulon Drive in Ammon, Idaho ("the Real Property") as tenants in common. The Real Property is described fully as:

**MOTION TO APPROVE SETTLEMENT - 1**

**Lot 4, Block 15 of Centennial Ranch, Division No. 16, according to the official plat thereof, filed in the Official Records of Bonneville County, Idaho under Recorder's Instrument No. 1137104.**

3. On August 11, 2017, the Bonneville County Magistrate Court entered a divorce decree in Case No. 2017-4165-DN that dissolved Ruiz and Moore's marriage and purported to divide their property. The divorce decree characterizes the Real Property as community property and awarded it to Moore. The divorce decree also provides that if Moore sells the Real Property and received more than $10,000 in net sale proceeds, then Moore shall pay Ruiz $3,000.

4. Ruiz and Moore did not obtain relief from the automatic stay to enter the divorce decree.

5. Coll and Moore entered a purchase and sale agreement for Moore to sell the Real Property to Coll for $220,000. On or about January 22, 2019, Ruiz executed a quitclaim deed that purports to convey his interest in the Real Property to Moore, and on or about January 24, 2019, Moore executed a warranty deed that purports to convey her interest in the Real Property to Coll.

6. On or about January 24, 2019, Coll executed a deed of trust on the Real Property to secure a note held by the Bank of Idaho, which evidenced loan proceeds issued to Coll to enable Coll to purchase the Real Property. MERS is named as the beneficiary in the deed of trust.

7. On January 25, 2019, the Real Property sale closed at AmeriTitle in Idaho Falls. The Trustee asserts the sale proceeds were distributed as follows: Moore received $55,106.51, Ruiz received $3,000.00, Wells Fargo Bank received $143,680.91 to pay off the Debtor's loan secured by a deed of trust on the Real Property, the real estate agents received $12,000.00 for commissions, and the remaining $6,212.58 was for closing costs, taxes, and other sale expenses.

**MOTION TO APPROVE SETTLEMENT - 2**

8. The Trustee argues that the property division in the divorce decree is void because he contends it violates the automatic stay set forth in 11 U.S.C. § 362(a)(3) by attempting to exercise control over estate property. The Trustee further contends the quitclaim deed Ruiz executed on or about January 22, 2019, and the warranty deed Moore executed on or about January 24, 2019, are void because they arise from the property division in the decree, which was entered without relief from the automatic stay citing several authorities, including *Anderson v. Briglevich (In re Briglevich)*, 147 B.R. 1015, 1020 (Bankr. N.D. Ga. 1992). As a result, the Trustee argues that the warranty deed does not convey any interest in the Real Property to Coll, and that the deed of trust does not create a valid security interest in the Real Property because the Trustee argues that Coll did not have an interest in the Real Property when she executed the deed of trust as required by Idaho Code § 28-9-203(2).

9. Coll and the Bank of Idaho argue that the quitclaim deed and warranty deed did not violate the automatic stay because they are debtor-initiated transfers. In that regard, they argue that the transfer to Coll must be analyzed under 11 U.S.C. § 549, and under that analysis they contend that the correct inquiry is whether the transfer is an avoidable unauthorized post-petition transfer, citing multiple cases including *In re Ellis*, 441 B.R. 656, 662 (Bankr. D. Idaho 2010). Under this inquiry, they argue that pursuant to 11 U.S.C. § 549(c), the transfer to Coll is not an avoidable unauthorized post-petition transfer because Coll is a good faith purchaser without knowledge of the Debtor's bankruptcy proceeding, and is a person who paid fair equivalent value to purchase the Real Property.

10. Due to the expense of litigating the dispute and risks entailed thereof, the Trustee, Coll, Bank of Idaho, and MERS believe it is in their mutual best interests to compromise this issue between them.

**MOTION TO APPROVE SETTLEMENT - 3**

11. The parties agree that Coll and the Bank of Idaho shall pay the Trustee $10,500 and waive their rights to file a proof of claim under 11 U.S.C. § 502(h). In exchange, the Trustee shall dismiss this adversary proceeding against all defendants with prejudice, and the Trustee shall waive any claims he may have against the defendants arising from the Real Property. This shall be a full and final settlement between the defendants and the Trustee regarding all claims arising from the Real Property, including the sale, transfer, and financing thereof, and the parties shall be responsible for their own attorney fees and costs in this matter. Notwithstanding anything to the contrary herein, the release does not affect any of the obligations between Coll and the Bank of Idaho, and the Bank of Idaho's successors or assigns.

DATED April 20, 2020

SPINNER, WOOD & SMITH

By /s/_____
Thomas D. Smith

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY on April 21, 2020, I served a true and correct copy of the foregoing document as follows:

| | |
|---|---|
| U.S. Trustee | [ ] U.S. Mail, postage prepaid |
| | [ ] Hand Delivery |
| ustp.region18.bs.ecf@usdoj.gov | [x] ECF Notice |
| | [ ] Facsimile |
| | |
| Aaron J. Tolson | [ ] U.S. Mail, postage prepaid |
| | [ ] Hand Delivery |
| ajt@aaronjtolsonlaw.com | [x] ECF Notice |
| | [ ] Facsimile |
| | |
| Stephen Andrew Ruiz | [x] U.S. Mail, postage prepaid |
| 1415 Whitewater | [ ] Hand Delivery |
| Idaho Falls, Idaho 83402 | [ ] ECF Notice |
| | [ ] Facsimile |
| | |
| Mitzi D Ruiz | [x] U.S. Mail, postage prepaid |
| 4143 Rulon Drive | [ ] Hand Delivery |
| Idaho Falls, Idaho 83406 | [ ] ECF Notice |
| | [ ] Facsimile |
| | |
| Sheila R. Schwager | [ ] U.S. Mail, postage prepaid |
| | [ ] Hand Delivery |
| SSchwager@hawleytroxell.com | [x] Email |
| | [ ] Facsimile |
| | |
| Jessie A.P. Baker | [ ] U.S. Mail, postage prepaid |
| | [ ] Hand Delivery |
| JBaker@aldridgepite.com | [x] Email |
| | [ ] Facsimile |

                                                                   By /s/_____
                                                                      Thomas D. Smith